UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK A. HODGE,

          Plaintiff,

     v.

C. SANTIESTEBAN, et.al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:19-cv-00341-LJO-SAB (PC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS, DISMISSING DUE
PROCESS CLAIM, AND REFERRING MATTER
BACK TO MAGISTRATE JUDGE FOR
INITIATION OF SERVICE OF PROCESS

[ECF No. 10]

Plaintiff Mark A. Hodge is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2019, the Magistrate Judge issued Findings and Recommendations recommending that this action proceed against Defendants Santiesteban, Magallanes, and Bruno for failure to protect and conspiring to fail to protect Plaintiff from inmate Shamburger, against Defendant Amaya for retaliation, and against Defendant Sherman for deliberate indifference to a serious medical need. The Court further recommended that Plaintiff's due process claim be dismissed for failure to state a cognizable claim for relief. The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within twenty-one days.

///

1    Plaintiff filed objections on May 23, 2019.  In his objections, Plaintiff argues that he has stated

2    a cognizable due process claim because the incorrect reporting employee was assigned to be present at

3    the hearing, the Rules Violation Report (RVR) was not signed by the correct reporting employee, there

4    was not some evidence to support the violation, and he was housed in administrative segregation for

5    six months pending the hearings on the RVR.

6         Plaintiff's objections are without merit.  As stated in the Findings and Recommendations, it is

7    clear that Rules Violation Report Log Number 00722827 was dismissed on December 6, 2016, in the

8    interest of justice (ECF No. 1, p. 102),[1] and Plaintiff has failed to demonstrate a sufficient liberty

9    interest giving rise to a cognizable due process claim.  Prisoner have no liberty interest in remaining

10   housed in the general prison population.  See, e.g., Smith v Noonan, 992 F.3d 987, 989 (9th Cir.

11   1993); McFarland v. Cassady, 779 F.2d 1426, 1427-28 (9th Cir. 1986).  Rather, changes in prisoner's

12   conditions of confinement give rise to a protectable liberty interest only when the change imposes an

13   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  See,

14   e.g., Sandin v. Connor, 515 U.S. 472-483-84 (1995); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir.

15   2003).  As a general rule, "administrative segregation in and of itself does not implicate a protected

16   liberty interest."  Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); see also Sandin, 515 U.S. at

17   486.  In this instance, Plaintiff contends that he suffered actual injury because he was labeled as a gang

18   member, was removed from his education course, and spent six months in segregation awaiting

19   hearing on the rule violations.  However, there is no constitutional right to education in prison.

20   Rhodes v. Chapman, 452 U.S. 337, 348 (1981); see also Toussaint v. McCarthy, 801 F.2d 1080, 1092

21   (1986) ("a liberty interest does not arise even when administrative segregation imposes 'severe

22   hardship' such as denial of access to vocational, education, recreational and rehabilitative programs,

23   restriction on exercise, and confinement to [one's] cell for lengthy periods of time'") (quoting Hewitt

24   v. Helms, 459 U.S. 460, 467 n.4 (1983).  Further, the fact that Plaintiff spent six months in

25   administrative segregation does not constitute atypical and significant hardship in relation to the

26

27   _____

     [1] The pagination reference of the specific documents pertains to those as indicated on the upper right corners via the
28   CM/ECF electronic court docketing system.

ordinary incidents of prison life.  See, e.g., Williams v. Foote, No. CV 08-2838-CJC (JTL), 2009 WL 1520029, at *10 (C.D. Cal. May 28, 2009) (no protected liberty interest found for 701 days stay in administrative segregation, which included an 86-day stay after the inmate was found not guilty of the disciplinary charge); Rodgers v. Reynaga, No. CV 1-06-1083-JAT, 2009 WL 621130, at *2 (D. Nev. Jan. 8, 2009) (finding that retention in administrative segregation for five months was not an atypical and significant hardship).  In addition, Plaintiff also has no due process right in a specific classification, which has not led to atypical and significant hardship.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); Sandin v. Conner, 515 U.S. 472, 484 (1995) (in general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship … in relation to the ordinary incidents of prison life.").  This same principle applies to due process claims relating to the alleged falsification of prison documents.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

///
///
///
///
///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Findings and Recommendations issued on May 8, 2019, are adopted in full;

2.  This action shall proceed against Defendants Santiesteban, Magallanes, and Bruno for failure to protect and conspiring to fail to protect Plaintiff from inmate Shamburger, against Defendant Amaya for retaliation, and against Defendant Sherman for deliberate indifference to a serious medical need;

3.  Plaintiff's due process claim is dismissed for failure to state a cognizable claim for relief; and

4.  The matter is referred back to the Magistrate Judge for initiation of service of process.

IT IS SO ORDERED.

Dated:    **June 5, 2019**                      **/s/ Lawrence J. O'Neill**
                                        UNITED STATES CHIEF DISTRICT JUDGE